Clarence F. Buck, Receiver of Integrity Mutual Casualty Company, Appellee, v. West Irving State Bank, Appellant.

Gen. No. 33,135.

Opinion filed April 4, 1929.

THEODORE JOHNSON, for appellant; ELMER H. HEIT-MANN, of counsel.

SCHUYLER, WEINFELD & PARKER, for appellee; C. ERNEST HEATON, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

The only question presented by this appeal is the proper construction to be placed upon section 7 of an act of the legislature of this State entitled, ''An Act to provide for the organization and management of mutual insurance corporations, other than life; and repealing certain Acts and parts of Acts therein referred to,'' in force July 1, 1915, Cahill's St. ch. 73, ¶ 293.

In defense to a suit brought by the plaintiff, as receiver of the Integrity Mutual Casualty Company, to recover upon a check for $1,000, the defendant interposed a defense and set-off, claiming that it had paid to the insurance company the sum of $1,451.25 on account of premiums on insurance policies which were void. In support of the claim that the policies were void the defendant charged, in its amended affidavit of merits and amended statement of set-off, that the insurer was organized under the statute in question, but that it

''was licensed only to write the kinds of insurance authorized by Sections 4, 5, 6 and 7 of Section 7 of said Act; that under the terms and provisions of said Sections 4, 5, 6 and 7 of said Section 7,'' it ''was not authorized to write policies of insurance to indemnify persons, firms and corporations against the direct loss

sustained through any dishonest act of any employees, through robbery, burglary, larceny, theft or hold-up, or against direct loss through forgery of any check or draft drawn upon the insured, or of any promissory note or domestic trade-acceptance or bank acceptance payable at the insured bank, etc., or against loss sustained by the insured or by the owner by burglary of money and securities feloniously abstracted during the day or night from within any safe or vault in such bank, or by robbery of money and securities from any part of the premises occupied by assured, etc., that notwithstanding'' its ''want of power to write such classes of insurance, nevertheless'' it ''purported to write and did, . . . write such insurance . . . and thereby induced the defendant, West Irving State Bank, to accept from it, . . . policies of insurance purporting to insure said West Irving State Bank against said losses.''

The sections of the statute referred to authorize the making of contracts for certain kinds of insurance as follows:

''4. Against loss, expense, and liability resulting from the ownership, maintenance or use of any automobile or other vehicle.

''5. Against loss or liability to persons or property resulting from explosion, or accident, to boilers, containers, pipes, engines, fly wheels, elevators and machinery in connection therewith and against loss of use and occupancy caused thereby, and make inspections and issue certificates of inspection thereon.

''6. Against loss from interruption of trade or business which may be the result of any accident or casualty.

''7. Against any loss or liability arising from any other casualty or insurance hazard which may lawfully be the subject of insurance, excepting life or fire.''

The municipal court held the pleadings of the defendant insufficient in law, struck them from the files and entered judgment in favor of the plaintiff for the full amount claimed.

Subsections 1 to 6 inclusive of § 7 of the statute provide for insurance against six different classes of risks. Subsection 7 authorizes the issuance of policies of insurance covering "any loss or liability arising from any other casualty or insurance hazard which may lawfully be the subject of insurance, excepting life or fire." Section 7 in the introductory part contains a further inhibition that corporations organized under the act shall not have power to write any kind of insurance which is not permitted to be written by stock companies under the laws of this State. Section 9 of the statute provides for the compliance with certain special requirements by corporations organized to transact the kinds of insurance described in subsections 4, 5, 6, and 7, thus recognizing that subsection 7 was designed to authorize the taking of risks of a kind other than those described in the preceding subsections.

Counsel for the defendant in support of his contention that the judgment should be reversed invokes the doctrine of *ejusdem generis* and says that the word "other" in subsection 7 should be construed to mean the same kind of losses specified in the preceding subsections. But this is only a rule of construction and we do not think it applicable to the instant case.

The Supreme Court of this State in speaking of the application of the rule, in the case of *McReynolds v. People,* 230 Ill. 623, said:

"It is a cardinal rule of construction that every clause, sentence, and word in the statute should, if possible, be given effect. The rule *ejusdem generis,* moreover, does not apply 'where the specific words signify subjects greatly different from one another,

for here the general expression might very consistently add one more variety. In such case, the general term must receive its natural and wide meaning.' 26 Am. & Eng. Ency. of Law (2d Ed.) p. 610.''

Subsections 1 to 6 inclusive specify subjects of insurance different from one another and the language of subsection 7 should be given its natural meaning. This construction finds strong support in the fact that the subsection in question concludes with a specific limitation that the doing of life or fire insurance business is forbidden.

For the foregoing reasons the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.